OPINION
Appellant, Melvin Alford, appeals from his conviction and sentence in the Lake County Court of Common Pleas, after the court denied his pre-sentence motion to withdraw his guilty plea. We affirm.
Appellant was indicted on one count of aggravated robbery, two counts of kidnapping, two counts of fenonious assault, one count of aggravated burglary, one count of attempted aggravated murder and one count of having weapons under disability, with firearm specifications attached to all counts. Because no trial was held in this case, there are limited facts in the record. The charges stemmed from a series of events that transpired with victims Jason and Joshua Freshwater, two Mentor residents who, according to appellant, had accepted money from him to "establish a temporary work service business[,]" but never performed the agreed-upon services. After appellant unsuccessfully tried to get his money back from the Freshwaters, he and co-defendant Ernest Davis took matters into their own hands. Their self-help allegedly involved each of the offenses in the indictment.
Although appellant initially pleaded not guilty to all charges, he later entered a negotiated plea of guilty to three of the eight counts in the indictment: one count of kidnapping, one count of felonious assault, and one count of aggravated burglary with a firearm specification. The state dismissed the remaining charges against him. At the time he entered his guilty plea, the trial court held a hearing pursuant to Crim.R. 11.
At the sentencing hearing, however, appellant stated that he wished to withdraw his plea. The trial court construed his statement as an oral motion to withdraw his guilty plea, which the trial court denied. The court informed appellant that it would reconsider the issue if he filed a written motion, but appellant never did so. Consequently, appellant was convicted of kidnapping, felonious assault, and aggravated burglary with a firearm specification. Appellant was sentenced to a mandatory three years on the firearm specification and consecutive terms of ten to twenty-five years, six to fifteen years, and eight to twenty-five years on the three offenses.
Appellant was granted leave to file a delayed appeal. He assigns the following errors:
 "[1.] Defendant was denied due process of the law when the court fully inform the defendant concerning his constitutional [failed to] rights and required by Rule 11 of the Ohio Rules of Criminal Procedure.
 "[2.] Defendant was denied due process of the law when the court refused to allow defendant to withdraw his plea of guilty.
 "[3.] Defendant was denied due process of the law when the court did not fully inform defendant that he was entering pleas of guilty to offenses which carry actual incarceration.
 "[4.] Defendant was denied due process of law when defendant was not informed of his choice of penalty under the new Ohio sentencing law.
 "[5.] Defendant was denied due process of law when he entered pleas of guilty to offenses which did not occur in Lake County."
In his first assignment of error, appellant asserts that the trial court did not comply with Crim.R. 11. Crim.R. 11(C)(2)(c) requires the trial court to inform the defendant, prior to accepting his guilty plea, that he was waiving certain constitutional rights: "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Appellant specifically contends that the trial court failed to adequately inform him that he was waiving his right not to testify at trial and his right to compulsory process.
Compliance with Crim.R. 11 does not require "a rote recitation of Crim.R. 11(C) * * * and failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." State v. Ballard (1981), 66 Ohio St.2d 473,480, 423 N.E.2d 115. We address each of appellant's challenges in turn.
First, appellant contends that the trial court failed to fully inform him that he was waiving his privilege against self-incrimination. The record of the change of plea hearing reveals that the trial court informed appellant, "You have a right to take the witness stand to testify in your own behalf, and you have a right to refuse to testify against yourself." Appellant contends that the trial court did not sufficiently advise him of his right, because it did not also inform him that, if he went to trial, the prosecution would be forbidden from commenting on his refusal to testify. Appellant cites no authority, however, and we know of none, to even suggest that Crim.R. 11 imposes such a requirement on the trial court. The statements made by the trial court were sufficient to inform appellant that he was waiving his privilege against self-incrimination.
Appellant next contends that the trial court did not fully apprise him that he was waiving his right to compulsory process. Without quoting the trial court's language or pointing to any specific deficiencies in it, appellant maintains that the trial court did not adequately advise him of his right. At the hearing, the trial court stated, "You have a right to confront the persons who accuse you, and you have a right to subpoena in persons to testify in your behalf." Appellant cites no authority to even suggest that the information given by the trial court was inadequate to fully advise him of this right. Because appellant has failed to demonstrate that the trial court failed to comply with the requirements of Crim.R. 11, his first assignment of error is overruled.
Appellant's second assignment of error is that the trial court erred by failing to grant his pre-sentence motion to withdraw his guilty plea. Crim.R. 32.1 provides that a motion to withdraw a guilty plea shall be made before sentencing, except to correct a manifest injustice. Although pre-sentence motions to withdraw a guilty plea should be freely allowed, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, at paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id., at paragraph two of the syllabus.
The record reveals that appellant failed to articulate a "reasonable and legitimate basis for the withdrawal of the plea." Appellant did not indicate that he did not understand the plea, or that it had been involuntary in some respect. Instead, he seemed to indicate that he had had a change of heart, repeatedly stating that he thought he could prevail if the case went to trial. A mere change of heart is an insufficient justification to withdraw a guilty plea, even before sentencing. State v. Drake (1991),73 Ohio App.3d 640, 645, 598 N.E.2d 115; see State v. McCann (1997),120 Ohio App.3d 505, 514, 698 N.E.2d 470. Appellant has failed to demonstrate, therefore, that the trial court abused its discretion in denying his request to withdraw his guilty plea.
Appellant also contends, for the first time on appeal, that the trial court should have allowed him to withdraw his plea because he did not enter it knowingly. Although appellant did not raise this argument in the trial court, we will address its merits in the interests of justice. Appellant contends that his plea was not knowingly entered and, as evidence of his confusion, he points to statements he made at the plea hearing. Specifically, when asked whether appellant's attorney had promised him a specific sentence, he responded, "Not really." The court asked him to explain that response, and he indicated, "He said five to twenty-five I could get off my sentence." According to appellant, his statement that he thought he could get "five to twenty-five off his sentence" was evidence that he did not enter his plea knowingly, voluntarily, and intelligently because a greater sentence was ultimately imposed. We disagree.
Although appellant stated that his counsel had told him that he could get five to twenty-five years, he did not indicate that his counsel had told him that he would receive such a sentence. Even if this statement indicated some confusion on appellant's part, the trial court clarified any confusion about the possible range of sentences through later discussion with appellant. The trial court started by explaining each of the original charges in the indictment and the possible range of sentences for each offense. It then detailed the specific charges to which appellant was entering a guilty plea. Before accepting appellant's plea, the trial court again described each of the offenses to which he was entering a plea of guilty, as well as the range of sentences for each offense. Appellant was asked whether he understood and he indicated that he did, but he also asked, "I can get all this time?" The court explained that appellant could get consecutive sentences. After some further explanation and discussion with appellant's counsel, appellant indicated that he understood that he could get consecutive sentences. The trial court once more advised appellant about each offense, its possible sentences, and what factors would be considered in determining his sentence. After each explanation, appellant indicated that he understood what he had been told. The record does not demonstrate any confusion on appellant's part at the time he entered his guilty plea. The second assignment of error is overruled.
Appellant's third assignment of error is that he was denied due process because the trial court did not inform him that, as a result of the plea he entered, he would be sentenced to actual incarceration. Appellant's claim that he was not so advised is contradicted by the record of the plea hearing. The trial court informed appellant that the sentence on each gun specification "requires an additional three year sentence that must be served first before the actual sentence is served." When asked if he understood, appellant indicated that he did. The trial court further stated:
 "Now, your attorney has talked to the prosecutor and the gun specification requires that the sentence is mandatory. That is, that you must receive a prison sentence. So the court has no authority to do anything else but to sentence you to prison.
"Do you understand that?"
Appellant responded that he did understand. The third assignment of error is overruled.
Appellant's fourth assignment of error is that he was entitled to be sentenced under the new sentencing provisions of Am.Sub.S.B. No. 2. Specifically, he contends that, although his crimes were committed before the July 1, 1996 effective date of the new sentencing provisions, he was sentenced after July 1. The Ohio Supreme Court rejected this same argument in State v. Rush
(1998), 83 Ohio St.3d 53, 54, 697 N.E.2d 634. The sentencing provisions of Am.Sub.S.B.No 2 apply only to crimes committed on or after July 1, 1996. The fourth assignment of error is overruled.
Appellant's fifth assignment of error is that he was denied due process when he entered pleas of guilty to offenses that, according to him, did not occur in Lake County. He asserts that his pleas were not entered knowingly, voluntarily, or intelligently because he was not involved in the crimes committed in Lake County. Despite appellant's argument to the contrary, the record does not establish that appellant had no involvement in the crimes that were commenced in Lake County. Appellant relies primarily on facts and evidence that are not part of the limited trial court record in this appeal. Moreover, the fact that co-defendant Davis may have been the primary actor in Lake County does not establish that appellant was not also involved in the commission of the crimes. In fact, the defendant's statements at the change of plea hearing reflect knowledge of Davis' activity initially in Lake County and that he later joined Davis with the two victims in the car and was the driver for about two hours of the various events. Additionally, R.C. 2901.12(A) allows a trial to be held in the territory of which any element of the offense was committed. Appellant's fifth assignment of error is overruled.
The judgment of the trial court is affirmed.
JUDGE EDWARD J. MAHONEY Ret., Ninth Appellate District sitting by assignment, FORD, P.J., concurs, O'NEILL, J., dissents with dissenting opinion.