JOURNAL ENTRY and OPINION
Defendant-appellant herein, Carlos Wiggins, appeals from the trial court's denial of his motion to withdraw guilty plea, subsequent to his plea of guilty to charges of attempted felonious assault and possession of drugs in two separate lower court cases. Because we conclude that the trial court did not abuse its discretion in denying the motion, and as we also find no merit in the appellant's assignments of error arising out of his sentencing, we affirm the ruling of the trial court.
The appellant was indicted in a three count indictment in case number 385392 on January 5, 2000. Previously, on December 30, 1999, the appellant had been indicted on a two count indictment in case number 385393. In case number 385392, the appellant was charged with one count of possession of drugs in violation of R.C. 2925.11, one count of preparation for drugs for sale in violation of R.C. 2925.07 and one count of possessing criminal tools in violation of R.C. 2923.24. In case number 385393, the indictment contained two counts of felonious assault in violation of R.C. 2903.11, each count containing a firearm specification pursuant to R.C. 2941.145 and a police officer specification pursuant to R.C. 2903.11(B).
On May 4, 2000, the case was reassigned from the original trial judge to another judge of the same court after the initial trial judge recused herself. This recusal was occasioned by the appellant's trial counsel, who, immediately before trial was to commence and after a request for a continuance had been denied, made a request for recusal based on the alleged undue pressure exerted by the trial judge on the appellant to accept the terms of the plea bargain offered by the state.[1]
On June 20, 2000, the appellant entered a plea of guilty to one count of attempted felonious assault, with the specifications deleted, and one count of possession of drugs. The attempted felonious assault charge as amended was a third degree felony and the possession of drugs count was a fifth degree felony. The plea was entered before yet another trial judge as the judge to whom the case had been reassigned was not available to take the plea on the day that the appellant agreed to accept the plea bargain offered to him. At the time of the plea, the appellant's trial counsel represented to the court that he had discussed the plea with the appellant, including all possible penalties and the trial court's discretion as to whether or not to impose community control sanctions. Counsel stated that in his professional opinion the plea was knowing, intelligent and voluntary. At the close of the plea hearing, a sentencing hearing was set for August 16, 2000.
On August 10, 2000, the appellant filed a motion to withdraw his plea of guilty. The motion states that the appellant was motivated to attempt to change his plea by the slaying of a Cleveland police officer in the interim time period between the time of the plea and the date scheduled for sentencing:
 In the case at bar, after the defendant plead, Wayne Leon, Cleveland Police Officer, was shot and killed. The original allegations herein are that the defendant pointed a gun at Cleveland Police Officers (sic). Even though there is no allegation that the defendant shot at anyone * * * the defendant fears that the current climate in Cleveland towards police will result in a prison sentence rather than community control. Since the defendant could not defend himself in prison with one arm, he desires to try the case.[2]
The trial court converted the August 16, 2000 sentencing hearing to a hearing on the merits of the motion. At the hearing on the motion to withdraw the guilty plea, the appellant's trial counsel stated that the appellant felt residual pressure to enter into the plea from the proceedings which had occurred in the courtroom of the first judge who had been assigned the case and from trial counsel himself who repeatedly urged the appellant to come on, come on, make a decision. At no time during this hearing was the murder of Officer Leon mentioned as a reason that the appellant desired to withdraw his guilty plea.
At the completion of the hearing on the motion to withdraw the guilty plea, the motion was denied by the court. The trial court continued sentencing until the next day, August 17, 2000. At sentencing, the appellant received a sentence of one year on case number 385392 and two years on case number 385393. The two sentences were ordered to be served concurrently.
The appellant filed the within appeal from the ruling of the trial court on the motion to withdraw guilty plea and from the sentence imposed at sentencing on September 13, 2000.
The appellant presents three assignments of error for this court's review. The appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO PROPERLY CONDUCT A HEARING UPON THE DEFENDANT-APPELLANT'S PRESENTENCE WRITTEN MOTION TO WITHDRAW HIS PLEA OF GUILTY.
Contrary to the assertion made by the appellant in this assignment of error, the trial court did properly conduct a hearing on the appellant's motion to withdraw his guilty plea. The motion was not filed until six days prior to the date scheduled for sentencing. A copy of the motion may or may not have been served upon the prosecutor's office. The trial court continued the sentencing hearing so that a full hearing could be had on the motion on August 16, 2000.
There is no indication in the record that the appellant's counsel was in any way limited by the trial court in his presentation of the motion. To the contrary, appellant's trial counsel was given all the time that he felt was needed to present and argue the motion. There was never any suggestion made prior to, during or subsequent to the hearing that the appellant's counsel was unable to properly prepare for the hearing, subpoena witnesses and discuss the case with the State as the appellant asserts in his brief filed with this court. Accordingly, any error in this regard was waived at the trial court level.
Crim.R. 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraphs one and two of the syllabus, the Supreme Court held:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
Where a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the plea withdrawal. State v. Peterseim,68 Ohio App.2d 211, 214, 428 N.E.2d 863, 865-866. See, also, State v. Lockett, (Mar. 6, 1996), Summit App. No. 17523, unreported.
The fact that the appellant presented totally different, and largely incompatible, bases for his desire to withdraw his guilty plea in the motion and during the hearing could have properly been considered by the trial court as reflecting on the credibility of both the appellant and his trial attorney. Nowhere in the motion and accompanying brief filed with the trial court is it stated that the appellant desired to withdraw his guilty plea because he was not guilty of the crimes to which he pled. Rather, the motion states, [d]efendant has decided that the plea was not voluntarily made since it was based on information which he perceives to be based on misrepresentations by the arresting agencies as they pertain to his involvement in the above captioned case. Such a statement is a far cry from a denial of guilt. The contention in the motion that the appellant desired to withdraw his plea because of a fear that the trial court would impose a longer sentence in the wake of the murder of Officer Leon is not only legally insufficient under State v. Xie, supra, but also strikes this court as crass opportunism.
The trial court in the case sub judice did not err in concluding that the appellant failed to articulate a reasonable and legitimate basis to withdraw his guilty plea. It was not a reasonable basis to withdraw the plea that the appellant felt that he stood a greater chance of getting jail time for his crimes after a totally unrelated murder of a Cleveland police officer. It was also not a legitimate basis for the withdrawal of a plea that the appellant believed that he may not be able to defend himself in prison because his arm was injured.
The only other coherent basis for the motion stated by appellant's trial counsel was that the appellant had been previously intimidated by the judge initially assigned to the case. As was stated earlier in this opinion, our review of the record is not consistent with the claims of undue intimidation and coercion on the part of the trial judge initially assigned to the case. Additionally, when the case was reassigned to another judge, this issue became entirely moot. It was disingenuous for the appellant to assert that his plea of guilty was occasioned by the continuing trauma of his exchange with the judge originally assigned to hear his case over whether he should accept the terms of a plea bargain that had been offered. The trial judge correctly observed that this stated basis for the motion was completely lacking in credibility.
The appellant's arguments in favor of withdrawing his plea viewed cumulatively amounted to little more than a mere change of heart, which is insufficient justification to withdraw a guilty plea. State v. Drake (1991), 73 Ohio App.3d 640; State v. East (Mar. 22, 2001), Cuyahoga App. No. 78877, unreported.
Thus, because we conclude that the trial court did not abuse its discretion in denying the motion to withdraw guilty plea, this assignment of error is overruled.
The appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO ALLOW DEFENSE COUNSEL AND DEFENDANT-APPELLANT TO REVIEW AND COMMENT ON THE PRESENTENCE INVESTIGATION REPORT AS MANDATED BY R.C. 2951.03 PRIOR TO SENTENCING DEFENDANT-APPELLANT.
The court, at a reasonable time before sentencing, shall permit the defendant or the defendant's counsel to read the presentence investigation report. R.C. 2951.03(B)(1); State v. Cook (1998),83 Ohio St.3d 404.
This court finds no evidence in the record that the presentence report in question was ever requested by the appellant prior to sentencing.
The appellant maintains that [d]efense counsel stated that he was unable to view the pre-sentence investigation report, and cites as support of this proposition the transcript from the hearing on the motion to withdraw the guilty plea, not the transcript from the sentencing hearing. The portion of the transcript referred to by appellant reads as follows:
 At all times he maintains his innocence. He maintained his innocence at the plea. I didn't see the PSI, but I assumed he maintained it there. (Emphasis added.)
The appellant is attempting to persuade this court that a statement of fact by the appellant's trial counsel that he had not seen the presentence investigation report amounts to a request to see the same and further asks that this court infer that the request was denied by the trial court. Clearly, no such request was ever made notwithstanding the appellant's strained interpretation of the record. There is no affirmative duty incumbent upon the trial court to inquire whether defense counsel is interested in viewing the contents of a presentence investigation report, especially in view of the indifference shown by defense counsel herein.
For the foregoing reasons, this assignment of error is overruled.
The appellant's third assignment of error states:
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT SENTENCED DEFENDANT-APPELLANT TO A DEFINITE SENTENCE OF TWO (2) YEARS IN CASE NUMBER 385393 AND ONE (1) YEAR IN CASE NUMBER 385392 AND FAILED TO REVIEW ALL OF THE STATUTORY FACTORS ANNOUNCED IN R.C. 2929.12.
R.C. 2929.12(A) requires only that a trial court consider the relevant sentencing factors relating to the seriousness of the crime(s) and the likelihood of recidivism. The record in this case demonstrates that the trial judge thoroughly considered all relevant factors prior to imposing sentence.
The trial court reviewed the appellant's lengthy criminal history, his failure to respond favorably to past sanctions, his continuing drug dependency and the lack of any remorse demonstrated for the commission of the crime for which he was convicted.
Under R.C. 2929.19(B)(2), the court is required to make a finding and give reasons for selecting the sentence imposed under five circumstances. None of those five listed circumstances are applicable to the appellant in this case. Therefore, the court was not required to state its reasons in this case for imposing the two year term of incarceration. State v. Hayes (Nov. 2, 2000), Cuyahoga App. No. 77491, unreported.
Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOSEPH J. NAHRA*, J., CONCURS. TIMOTHY E. McMONAGLE, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.
[1] Although there is no assignment in connection to the hearing on the request for recusal, the transcript of that hearing has been made part of the record of this appeal. We note that from our review of said transcript that the appellant's trial counsel's allegations of intimidation and unnecessary pressure seem substantially exaggerated. The trial judge's dialogue with the appellant appeared solely geared towards ensuring that the appellant understood the specifics of the plea bargain that had been offered to him prior to going to trial. This matter is relevant to the issue before this court because during the hearing on the motion to withdraw the guilty plea, the appellant's trial counsel repeatedly referred to the initial trial judges's totally inappropriate behavior as one of the factors which motivated the appellant to enter a guilty plea, even after the case had been transferred to another judge.
[2] This rationale for being permitted to withdraw his plea of guilty is completely inconsistent with the argument made by appellant's trial counsel at the hearing on the motion to withdraw the guilty plea wherein counsel argued that the appellant regretted his decision almost immediately, became nearly hysterical and called counsel on the evening of the plea hearing requesting that counsel file the necessary paperwork to permit the withdrawal of the plea.
* SITTING BY ASSIGNMENT: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.