JOURNAL ENTRY AND OPINION
Yazeid Tayeh appeals from a judgment of the common pleas court entered pursuant to a plea agreement in which he pleaded guilty to one count of rape and one count of attempted rape. As part of the plea agreement, Tayeh stipulated to being a sexual predator. On appeal, he assigns the following as errors for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT HIS PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.
 II. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT CRITICAL STAGES OF LITIGATION, INCLUDING, BUT NOT LIMITED TO COUNSEL'S FAILURE TO REPRESENT DEFENDANT IN HIS ATTEMPT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court.
On July 20, 2000, Tayeh, and several other men raped a sixteen-year-old female victim at Tayeh's apartment. On October 23, 2000, Tayeh was indicted for one count of kidnapping, four counts of rape and two counts of sexual battery. Tayeh entered into a plea agreement in lieu of trial and in exchange for his guilty plea to rape and attempted rape, the State nolled the remaining charges. The terms of the plea agreement required Tayeh to fully cooperate in the prosecution of the other men involved in the crime.
On the day sentencing was to occur, Tayeh filed a motion to vacate his guilty plea. The court conducted a hearing on the motion and denied it. Subsequently, on March 28, 2001, the court sentenced Tayeh to a term of five years.
In his first assignment of error, Tayeh alleges the trial court abused its discretion when it denied the pre-sentence motion to vacate his guilty plea.
We begin our examination of this issue with Crim.R. 32.1 which states in part:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
The court in State v. Xie[1], stated in its syllabus:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
Absent an abuse of discretion, the trial court's decision must be affirmed.[2] An abuse of discretion is more than an error of law or judgment, "we must find that the trial court's ruling `unreasonable, arbitrary or unconscionable.'"[3]
Additionally, in State v. Peterseim[4], we stated:
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Examination of Crim.R. 11(C) reveals that before accepting a plea of guilty or no contest, every trial court has an obligation to determine whether the plea is being made voluntarily and with knowledge of the charges against him, the maximum penalty involved, and the constitutional rights being forsaken.
In the instant case, prior to accepting Tayeh's plea agreement, the trial court, pursuant to Crim.R. 11(C), carefully explained the charges against him, the maximum penalties, and the constitutional rights he was waiving by pleading guilty. After each explanation, the court asked if Tayeh understood and he answered each time in the affirmative. However, in his brief to this court, Tayeh points to the following segment to indicate he did not enter the plea agreement freely:
 THE COURT: Is this a voluntary plea, done of your free will and desire?
MR. TAYEH: No.
However, these two lines must be read in conjunction with the remainder of the dialogue that took place between Tayeh and the court.
THE COURT: No? Is somebody making you do this plea?
MR. TAYEH: No, no.
 THE COURT: Listen to the question. Is this plea being done of your own free will and desire?
MR. TAYEH: Yes, your Honor.
Accordingly, we see no evidence indicating Tayeh did not enter the plea agreement knowingly, intelligently and voluntarily.
Next, we must consider whether Tayeh was given a full and impartial hearing on the motion. The court conducted a hearing on the motion the day sentencing was to occur and heard testimony from Tayeh. Tayeh stated to the court the basis for his motion was he was afraid to go to trial and was innocent of the charges against him. The court asked him whether he knew what he was doing at the time he entered into the plea agreement with the State and he responded affirmatively, but stated "I had a lot of stuff on my mind that day."
A review of the transcript reveals the trial court conducted a hearing on the motion and gave full and fair consideration of Tayeh's request to withdraw his plea. Under these circumstances, we conclude the trial court did not abuse its discretion in finding there was an insufficient basis under the law to grant the motion to vacate. A mere change of heart is insufficient justification to withdraw a guilty plea, even prior to sentence.[5] Therefore, this assignment of error is denied.
In his second assignment of error, Tayeh claims he was denied effective assistance of counsel throughout this case, and specifically, during his attempt to withdraw his guilty plea.
In Strickland v. Washington[6], the court established a two-part test for consideration in addressing claims of ineffective assistance of counsel:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
In State v. Bradley[7], paragraph three of the syllabus, the court stated:
 In order to show prejudice, the defendant must demonstrate a reasonable probability exists that, absent counsel's error, the result of the trial would have been different.
In this case, Tayeh suggests that defense counsel's truthful remarks, that the motion to vacate was filed against his advice, supports an ineffective assistance of counsel claim. However, it is clear from the transcript there was no legal basis to support granting the motion to withdraw. Knowing this, Tayeh's counsel advised against filing a motion to withdraw his plea. Tayeh also alleges his counsel failed to adequately represent him during the motion hearing because he did not call any witnesses. However, Tayeh testified on his own behalf. Who better to testify whether a plea agreement was freely entered into than the defendant who entered into it? Therefore, we are not persuaded Tayeh was denied effective assistance of counsel. In fact, considering the maximum sentence he could have received, we believe Tayeh was represented by very competent counsel. Accordingly, this assignment of error is denied and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and JOHN T. PATTON*, J., CONCUR.
* SITTING BY ASSIGNMENT: JUDGE JOHN T. PATTON, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.
[1] (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.
[2] Id. at 527.
[3] Id. at 527, quoting State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144.
[4] (1980), 68 Ohio App.2d 211, 428 N.E.2d 863.
[5] State v. Drake (1997), 73 Ohio App.3d 640, 645; State v. Pinkerton
(Sept. 23, 1999), Cuyahoga App. No. 75906/75907, unreported.
[6] (1984), 466 U.S. 668, 104 S.Ct. 2052.
[7] (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.