OPINION
{¶ 1} Loretta Ramos is appealing the judgment of the Montgomery County Court of Common Pleas, which denied her motion to withdraw her guilty plea.
 {¶ 2} On December 12, 2001, Ms. Ramos was charged with five counts of possessing and selling methylenedioxymethamphetamine, which is more commonly known as "ecstasy." On May 30, 2002, Ms. Ramos entered into a plea agreement wherein she pled guilty to two charges of selling the drug and the State dismissed the remaining two charges. Further, the plea specified that the prison sentence would be four years.
 {¶ 3} On June 2, 2002, after obtaining new counsel, Ms. Ramos filed a motion to vacate her guilty plea. Ms. Ramos attached an affidavit to the motion stating that she was innocent of the charges and that her attorney had told her that she would only be pleading to one charge when in actuality she pled to two charges. The trial court heard the motion on June 28, 2002 and denied the motion. At the hearing, Ms. Ramos testified her attorney had sent her a letter the day prior to the plea hearing that had stated she would be pleading to only one count, and she offered the letter as an exhibit. Further, she stated that she had not intended to plead guilty when she came to court on May 30, 2002 and had never discussed with her attorney the possibility of pleading guilty or what defenses or trial strategies they might use. Ms. Ramos testified that she had only entered the pleas because her attorney had told her to do so and to answer "yes" to all the questions the judge would ask her during the plea colloquy. Moreover, Ms. Ramos testified that she remembered little about the day she had entered the pleas because she had taken medication that day.
 {¶ 4} After ruling on her motion to withdraw her plea, the trial court imposed a sentence of four years on Ms. Ramos, who has since filed this appeal raising the following assignment of error:
 {¶ 5} "The Trial Court Committed An Abuse Of Discretion By Denying Appellant's Petition To Vacate The Guilty Plea."
 {¶ 6} Ms. Ramos argues that she was not represented by highly competent counsel while she was entering her guilty plea and that the trial court failed to give full and fair consideration to Ms. Ramos's request to withdraw her guilty plea. We disagree.
 {¶ 7} Although pre-sentence motions to withdraw pleas should be freely and liberally granted, an individual who enters a guilty plea does not have an absolute right to withdraw it. State v. Xie (1992),62 Ohio St.3d 521, 527. "It is within the sound discretion of the trial court to determine what circumstances justify granting [a motion to withdraw a guilty plea]." State v. Washington, Montgomery App. No. 19022, 2002-Ohio-2940, ¶ 10, quoting State v. Peterseim (1980),68 Ohio App.2d 211, 214. Absent an abuse of discretion, the trial court's decision on whether to allow a defendant to withdraw a guilty plea will not be reversed by a reviewing court. State v. Barnett (1991),73 Ohio App.3d 244, 250. "An abuse of discretion amounts to more than an error of judgment but implies the trial court's attitude is unreasonable, arbitrary, or unconscionable." Washington, supra, at ¶ 11.
 {¶ 8} Further, a trial court will not be found to have abused its discretion in denying a motion to withdraw a plea where (1) the accused is represented by highly competent counsel, (2) the accused received a full hearing pursuant to Crim.R. 11, (3) the accused is given a complete and impartial hearing on the motion to withdraw after it is filed, and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request. Barnett, supra, at 250. "A mere change of heart" is insufficient justification for allowing the withdrawal of a guilty plea. State v. Drake (1991), 73 Ohio App.3d 640, 645.
 {¶ 9} Ms. Ramos first argues that she was not represented by competent counsel at the plea hearing. A properly licensed attorney is presumed to be competent in Ohio. State v. Malone (Dec. 13, 1989), Montgomery App. No. 10564. Moreover, reviewing courts must strongly presume that defense attorneys adequately represented their clients.Malone, supra. Ms. Ramos asserts that her counsel never discussed with her potential defenses or trial strategies. Also, Ms. Ramos points to a letter by her counsel stating that she would be pleading to one charge rather than the two charges to which she actually pled. However, the letter from Ms. Ramos's counsel demonstrates that her counsel attempted to contact her on several occasions to inform her of the status of her case. Despite this lack of communication, Ms. Ramos's counsel was able to negotiate a plea agreement in which Ms. Ramos's sentence was only one-fourth of the maximum sentence she faced.
 {¶ 10} Moreover, at the plea hearing Ms. Ramos was asked about her counsel's representation of her as follows:
 {¶ 11} "[Judge]: Have you discussed all the elements of each of these offenses and all possible defenses to them with your counsel, Mr. Flanagan?
 {¶ 12} "Ms. Ramos: Yes
 {¶ 13} "[Judge]: Are you satisfied with his representation of you in the matter?
 {¶ 14} "Ms. Ramos: Yes." (5/30/2002 Tr. 6-7).
 {¶ 15} Thus, Ms. Ramos stated that she had been well represented by her counsel at the plea hearing. However, at the hearing on her motion to vacate her plea, she stated that she believed she was not represented properly. Ms. Ramos was not able to give any specifics regarding how her counsel was not competent. Having reviewed the transcript, we cannot say that the trial court was unreasonable, arbitrary, or unconscionable in determining that Ms. Ramos was represented by highly competent counsel.
 {¶ 16} Additionally, Ms. Ramos argues that the trial court did not give full and fair consideration to her plea withdrawal request. Specifically, Ms. Ramos points to the trial court's failure to discuss the letter sent to her by her previous counsel and its finding that her testimony lacked credibility. The trial court indicated that it had examined Ms. Ramos's testimony at the hearing on her motion to vacate and had found the testimony not to be credible. The credibility of witnesses is a matter for the trial court and its findings will not be disturbed unless the court's decision is "so incredible that it defies belief."State v. Taylor, Montgomery App. No. 19255, 2002-Ohio-6191, at ¶ 5. Although Ms. Ramos's previous counsel, Mr. Flanagan, did not testify at the hearing on the motion to vacate, the trial court could compare Ms. Ramos's testimony with the record of the plea hearing. The trial court noted that the plea process in her case was "meticulously complied with." We cannot say that the trial court abused its discretion in determining that Ms. Ramos's testimony lacked credibility.
 {¶ 17} Also, the fact that the trial court did not discuss the letter from Ms. Ramos's previous counsel that stated she would only be pleading to one charge when she in fact pled to two charges does not indicate that the trial court did not give her motion full and fair consideration. The following exchange occurred during the plea hearing:
 {¶ 18} "[Judge]: . . . So there's no misunderstanding, about the exact nature of these two charges that you're pleading to in this case, I'm going to ask the prosecuting attorney to make a factual statement about each one into the record.
 {¶ 19} "[Prosecutor]: Your Honor, the counts in this case are identical, except with respect to the date. Count one occurring on August 28, 2001. Count two on September 4, 2001. Both counts charge that on or about those dates, Loretta A. Ramos . . . knowingly sold or offered to sell a controlled substance, that being a schedule I or II drug . . . ecstasy . . .
 {¶ 20} "[Judge]: Do you understand that to be the nature of thetwo charges that you're pleading to in this case?
 {¶ 21} "Ms. Ramos: Yes." (Emphasis added.) (5/30/2002 Tr. 5-6).
 {¶ 22} The trial court found that Ms. Ramos's allegation that her previous counsel never spoke with her about her plea agreement was not credible in light of the trial court's involvement in the plea process. The record of the plea hearing contradicts Ms. Ramos's claims that she believed she was pleading to only one charge. Moreover, the trial court held a full and impartial hearing on Ms. Ramos's motion to vacate her guilty plea wherein she testified and presented evidence. We cannot say that the trial court did not give full and fair consideration to her motion because it did not mention the letter in its decision. Therefore, we do not find that the trial court abused its discretion in finding that Ms. Ramos had simply had a change of heart and denying her motion to vacate her plea. Ms. Ramos's assignment of error is without merit and is overruled.
 {¶ 23} The judgment of the trial court is affirmed.
FAIN, P.J. and BROGAN, J., concur.