OPINION
{¶ 1} Appellant, Charles Brooks, appeals from his conviction in the Greene County Common Pleas Court of trafficking in marijuana pursuant to his guilty plea. Brooks contends the trial court abused its discretion in refusing to permit him to withdraw his guilty plea which he requested by motion prior to the court sentencing him *Page 2 
to two years in prison.
 {¶ 2} Brooks was originally indicted on March 9, 2006, for three offenses, to-wit, the trafficking in marijuana (a third-degree felony), trafficking in cocaine (a third-degree felony) and engaging in a pattern of corrupt activity (first-degree felony). On October 11, 2006, Brooks appeared in open court and entered his guilty plea to the trafficking in marijuana charge and, pursuant to plea negotiations, the other two charges were dismissed at the request of the prosecuting attorney. At the time of the plea, Brooks was represented by Kenneth Lawson. On October 24, 2006, Patrick Mulligan entered his appearance on Brooks' behalf and moved to withdraw Brooks' guilty plea. Counsel represented that Brooks "pled guilty only because he respected the advice of his attorneys and not because he felt personally guilty." On December 5, 2006, the trial court conducted a hearing on Brooks' motion and overruled it. The trial court then proceeded to sentence Brooks as previously indicated.
 {¶ 3} The Appellant's father, Charles Hammonds, testified at the motion hearing that his son suffers from schizophrenia and takes Zyprexa and Paxil to stabilize his behavior. He testified that Charles is married with two children and is on Social Security disability for his condition. He testified his son completed nine years of schooling and was pursuing his G.E.D. The Appellant testified he pleaded guilty because his attorney, Kenneth Lawson, told him "Judge Campbell gives first time felonies probation." (T. 24, motion hearing.) Brooks testified that on the day he entered his plea, he did not actually read the plea form because his attorney told him he only had five minutes to read the papers and sign them. (T. 27.) Brooks also testified he thought he was pleading to two years of community control and, if he completed that, he would not have a felony record. *Page 3 
He testified that was what Mr. Lawson told him. (T. 27.) He testified he thought the State was recommending probation. (T. 28.)
 {¶ 4} On cross-examination, Brooks admitted he told Judge Campbell when he entered his guilty plea that he understood the terms of the petition to enter his guilty plea, and had discussed it thoroughly with Mr. Lawson. (T. 39.) In the petition, Brooks acknowledges that no officer of the court or any attorney promised or suggested that he would receive a lighter sentence, community control or any other form of leniency for his guilty plea. (Para. 13 of the petition.) Paragraph 15 further provides that Brooks knows that "the sentence I will receive is solely a matter within the control of the judge." It further provides that Brooks is prepared to "accept any punishment permitted by law which the court sees fit to impose." Brooks further admitted on cross-examination that while he knew he could request community control, he understood the State was recommending that the court impose a two-year sentence on him in light of the State's dismissal of counts two and three in the indictment.
 {¶ 5} In overruling Brooks' motion, the trial court noted that Brooks was represented by competent counsel, that he was given a full Crim.R. 11 colloquy, and a full hearing upon his motion to withdraw. The court noted that Brooks was repeatedly told that the State was recommending that he be sentenced to a two-year term. The court evidently did not credit Brooks' testimony, which was not corroborated by his trial counsel, that his first counsel told him that Judge Campbell would impose community control in this case. Finally, the court stated it could find no basis for permitting Brooks to withdraw his plea.
 {¶ 6} Brooks argues that the trial court abused its discretion because he was *Page 4 
promised by his attorney that he would receive probation if he pleaded guilty. He further notes that he was unable to read the plea form because his attorney told him he only had five minutes to read it. He also argues that he did not understand the parameters of the plea colloquy because of his mental illness, and the court should have applied a more liberal standard in granting his motion. The State for its part argues that the trial court did not abuse its discretion because Brooks merely had a change of heart once he learned the trial court intended to sentence him to prison.
 {¶ 7} In State v. Xie (1992), 62 Ohio St.3d 521, the Ohio Supreme Court held that the decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. The court noted that while a defendant does not have an absolute right to withdraw a plea prior to sentencing, a trial court must conduct a hearing to determ ine whether there is a reasonable basis for the withdrawal of the plea. The court noted that once the court conducts the hearing and makes the determination whether to grant the motion, the defendant must demonstrate the trial court's ruling was "unreasonable, arbitrary or unconscionable." The court noted that the good faith, credibility, and weight of the movant's assertions in support of his motion are matters to be resolved by the trial court. State v.Smith (1977), 49 Ohio St.2d 261.
 {¶ 8} The record indicates the trial court gave careful consideration to Brooks' motion. The court noted that Brooks was represented by competent counsel who had negotiated a significant reduction of the charges against Brooks. The court noted it had carefully explained the charge to Brooks and the consequences of his guilty plea. Brooks admitted he signed the petition wherein he stated that no one had promised him community control for his plea. He also admitted he knew the state was seeking a two-year *Page 5 
sentence in exchange for his plea. Generally, a mere change of heart is an insufficient justification for granting a motion to withdraw. SeeState v. Drake (1991), 73 Ohio App.3d 640. We see no evidence in this record to support a finding that the trial court abused its discretion in overruling Brooks' motion. The assignment of error is Overruled. The Judgment of the trial court is Affirmed.
 FAIN and DONOVAN, JJ., concur. *Page 1