JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Burt Griffin that denied Mohammed Salti's presentence motion to withdraw his guilty plea to one count of possession of heroin, a felony of the fourth degree. He claims the judge erred in applying Crim.R. 1(B) instead of freely allowing him the right to a jury trial under Crim.R. 32.1. We affirm but remand for an appropriate journal entry.
 {¶ 2} From the record we glean the following: Juan Diaz, an acquaintance of Salti, would frequently ask Salti to drive him to various homes in the Cleveland area which, Salti admitted, was for the purpose of delivering illegal drugs to Diaz's customers.
 {¶ 3} On November 24, 2000, he drove Diaz to the home of Jessica Hardaway, where they had gone on several prior occasions and, while Salti remained in his car, Diaz entered the home. Cleveland police had the home under surveillance and had obtained a search warrant for it. They entered, observed Diaz and Hardaway in a drug transaction, discovered fifteen small baggies later confirmed to contain small quantities of heroin on Diaz's person, and arrested the pair and Salti.
 {¶ 4} As an aider or abettor of Diaz's drug dealing activity, Salti was charged in an indictment with one count of possession of a controlled substance, a felony of the fourth degree; one count of preparation of drugs for sale, a felony of the fourth degree; and one count of possessing criminal tools, a felony of the fifth degree. The State offered to dismiss counts two and three of the indictment in exchange for his guilty plea to the possession charge and the forfeiture of his car to the State, and he accepted.
 {¶ 5} To ensure that Salti's guilty plea was knowingly, voluntarily, and intelligently made, the judge proceeded, on the record, to comply with Crim.R. 11 requirements. In addition, Salti executed a written plea agreement memorializing the terms of the plea and further confirming his understanding of its effect. At the plea hearing, Salti admitted that he transported Diaz to Hardaway's home with full knowledge that Diaz was carrying narcotics and would sell some to Hardaway.
 {¶ 6} On November 26, 2001, Salti moved to withdraw his guilty plea under Crim.R. 32.1. on the basis that, before sentencing, such a motion should be "freely and liberally granted," with no further factual or legal argument or justification for such withdrawal. At a subsequent hearing, Salti declined to speak and his lawyer explained that "[Salti] felt that after talking about this matter on several occasions that somehow [his attorney] misled him into a guilty plea, and he thinks he can ultimately prevail at trial."
 {¶ 7} The judge remarked that, since Salti had not presented any evidence, either by affidavit or testimony, "* * * the Court has no evidence before it as to why he should withdraw his guilty plea." The motion was denied on the basis that "[t]he defendant has not offered any evidence here as to why justice would be served by withdrawing his guilty plea. And the Court does recall that at the time the plea was entered, the defendant, if I recall correctly, admitted that he was the driver of the automobile, and that he knew that his co-defendant was engaged in heroin transactions, and that he was transporting heroin. So I don't see anything here that would indicate that an injustice is being perpetrated by going forward with the sentencing."
 {¶ 8} In denying the motion, the judge stated that he was considering the motion in keeping with the directive of Crim.R. 1(B), which states, "[The Rules of Criminal Procedure] are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity of procedure, and the elimination of unjustifiable expense and delay."
 {¶ 9} Immediately after denial of the motion to withdraw the guilty plea, the judge sentenced Salti to six months in prison and advised he could be kept up to three years on post-release control following the completion of the prison time.[1]
 {¶ 10} Salti's sole assignment of error states:
 {¶ 11} "The Trial Court Erred When it Applied an Improper Burden upon the Appellant and Denied Appellant's Motion to Withdraw His Plea Before Sentencing."
 {¶ 12} Crim.R. 32.1 provides, in pertinent part:
 {¶ 13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 14} While the general rule is that "a presentence motion to withdraw a guilty plea should be freely and liberally granted,"[2] it is well established that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. * * * The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."[3] Absent an abuse of discretion, the judge's decision must be affirmed.[4] An abuse of discretion is more than an error of law or judgment, "we must find that the * * * ruling was `unreasonable, arbitrary or unconscionable.'"[5]
 {¶ 15} "A trial court does not abuse its discretion in overruling a motion to withdraw the plea: (1) where the accused is represented by highly competent counsel, (2) where the accused was offered a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."[6]
 {¶ 16} Salti does not claim on appeal that his lawyer was incompetent; or that his plea was not knowing, intelligent or voluntary when made; or that the hearing at which his motion to withdraw was denied was in any way deficient; or that the judge did not fully consider the motion. He claims that the judge wrongfully imposed upon him the burden of showing "how the withdrawal of the plea would serve the ends of justice and not inconvenience the court."[7] The judge, however, simply stated that the interests of justice, in a broad sense, would not be served by granting the motion because Salti provided absolutely no reason why he wanted to withdraw his guilty plea.
 {¶ 17} While Salti now complains that the judge should have granted the motion because his lawyer stated that Salti contended he had "misled" him into a guilty plea and "(Salti) thinks he can ultimately prevail at trial," from the overall argument advanced, it is abundantly clear that a mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing.[8]
 {¶ 18} Salti cites State v. Moore,[9] for the proposition that, since State v. Xie, supra, mandates that presentence motions to withdraw pleas be freely and liberally granted, "[t]hat direction implies a much lower standard, one which creates a preference for a defendant's exercise of his right to trial as opposed to the need to protect the integrity of the plea process." In Moore, however, a seventeen-year-old defendant, who had new lawyers, presented the testimony of his former lawyer, who admitted that he had wrongly advised his client to plea. The defendant inMoore also sought to attack the admissibility of the evidence against him, which if successful could have had a large impact upon the eventual result of a trial.
 {¶ 19} In contrast to the actual testimonial evidence and compelling circumstances Moore presented in support of his motion to withdraw his guilty plea, Salti produced no evidence of a "reasonable and legitimate basis for the withdrawal of the plea,"[10] and the denial of his motion was not an abuse of discretion.
 {¶ 20} The judgment is affirmed, but the case is remanded for entry of an appropriate journal entry that reflects the sentencing pronounced in open court.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS IN JUDGMENT ONLY
 DIANE KARPINSKI, J., CONCURS
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The journal entry, however, imposes three years of post release controls and also erroneously contains one page of a sentencing entry for one Emanuel Williams, memorializing a sentence of eight years in prison and five years of post release controls in addition to various costs and fees for robbing and paralyzing a victim.
[2] State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[3] Id., at syllabus, paragraphs one and two.
[4] Id. at 527.
[5] Id. at 527, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
[6] State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph three of the syllabus.
[7] Appellee's brief page 9.
[8] State v. Taylor (Jun. 16, 2000), Washington App. No. 99CA1, Statev. Miller (Jun. 15, 2000), Cuyahoga App. No. 76310, State v.Inglesias-Ramirez (Mar. 16, 2000), Cuyahoga App. No. 76028, State v.Ramirez (Jan. 19, 1996), Defiance App. No. 4-95-12, State v. McGowan
(Oct. 3, 1996), Cuyahoga App. No. 68971, State v. Drake (1991),73 Ohio App.3d 640, 645, State v. Lambros (1988), 44 Ohio App.3d 102,103.
[9] (Feb. 18, 2000), Clark App. No. 99CA47.
[10] State v. Xie, supra, at syllabus, paragraph one.