JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Mary Jane Boyle that denied the presentence motion of James H. Jones, Sr., to withdraw his guilty pleas to two counts of robbery. He contends he was tricked by his lawyer into pleading guilty and was not aware of the potential sentence he could receive through the plea bargain. We affirm the decision denying his motion to withdraw his guilty plea but vacate the sentence and remand for re-sentencing.
 {¶ 2} From the record we glean the following: Jones, under the influence of crack cocaine, and with his hand under his shirt to give the impression he had a gun, approached Barbara Montgomery as she stood outside of her car in East Cleveland. He said something to the effect of "Do you want to die?," took Montgomery's car keys, sat in the driver's seat and ordered Mary Rohn, the passenger, out of the vehicle. He started the car and, in an attempt to drive off, mistook the windshield wiper control on the steering column as the gearshift and broke it off. Rohn, seven months pregnant at the time, and Montgomery struggled with Jones and thwarted his attempt at car jacking. Several persons came to the aid of the two women, and Jones was kept inside the car until the police arrived and arrested him. Rohn stated that during the course of the struggle, Jones hit her in the abdomen and she went to a hospital, was briefly kept for observation to ensure that her unborn child had not been harmed, was treated for minor injuries and released later that day.
 {¶ 3} Jones was charged with two counts of aggravated robbery, felonies of the first degree under R.C. 2911.01, and each included firearm specifications, repeat violent offender specifications, and notices of prior conviction. He pleaded guilty to two counts of robbery, felonies of the third degree under R.C. 2911.02(A)(3), one of which retained the repeat violent offender specification and the notice of prior conviction. The State agreed to delete all other specifications in the indictments.
 {¶ 4} Before his sentencing hearing, Jones moved to withdraw his pleas of guilty and the judge denied the motion and proceeded to sentencing. Merging the two robbery counts for purposes of sentencing, she imposed a term of four years' imprisonment and ordered that he pay $150 in restitution to compensate Montgomery for the damage to her vehicle; she also stated that "he will serve up to five years of post release control."[1]
 {¶ 5} In his sole assignment of error Jones claims that it was an abuse of discretion to deny him the right to withdraw his guilty pleas.
 {¶ 6} Under Crim.R. 32.1:
 {¶ 7} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 8} While "a presentence motion to withdraw a guilty plea should be freely and liberally granted,"[2] it is well established that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. * * * The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."[3] A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing.[4]
 {¶ 9} Absent an abuse of discretion, the judge's decision must be affirmed.[5] It is not an abuse of discretion to deny a motion to withdraw a guilty plea:
 {¶ 10} "(1) where the accused is represented by highly competent counsel, (2) where the accused was offered a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."[6]
 {¶ 11} Early on December 5, 2001, the parties discussed the possibility of a plea agreement under which Jones would plead guilty to robbery as a felony of the second degree. He acknowledged on the record that he understood there was no agreement between the State and him or his lawyer on the specific sentence he might receive if he pleaded guilty to lesser charges, and the judge made it clear that any sentence she imposed would be based on information obtained at or by the sentencing hearing, including victim statements, a pre-sentence investigation report or the comments of Jones himself.
 {¶ 12} That afternoon, the parties accepted the agreement that Jones would plead guilty to felonies of the third degree. The judge specifically told him that he faced the possibility of one to five years of prison time for each count if he pleaded guilty, and she again refused to pronounce a prospective sentence if guilty pleas would be forthcoming.
 {¶ 13} An extensive Crim.R. 11 hearing was then held, during which Jones was again advised of the full range of penalties he could potentially face in pleading as he did, and he indicated that he understood fully. The judge's advisement included the caution that if she should give him the maximum five-year prison term for one robbery count, she could add another one to five years to the sentence pursuant to the repeat violent offender specification, and he indicated his full understanding. The judge ensured, and Jones indicated, that his plea was completely voluntarily, knowingly and intelligently made.
 {¶ 14} Immediately before the sentencing hearing, the court addresed Jones' motion to withdraw his pleas. He stated that, because of the advice of his lawyer at the time of his plea, he thought that he was going to be sentenced to two years' prison time, but feared that would no longer be the case. He argued various factual matters about the events of his offenses, and that the State would not have been able to prove that he used force on anyone. He contended he merely sat in Montgomery's car to hide from pursuers and that he had no physical interaction with either Montgomery or Rohn. He stated: "I'm not protesting the possible sentence. I'm protesting the facts," and proceeded to discuss medical records he had seen, which may or may not have supported the State's allegation that he used force against one of the victims.
 {¶ 15} It is apparent from the plea hearing that the refusal of the State to agree to any set sentence and the judge's explicit refusal to speculate on what sentence she would ultimately impose directly belie Jones' unsupported allegation that his attorney misled him into pleading guilty by making a promise of a two-year prison term. It appears he simply reconsidered his decision to plead guilty based on his own re-evaluation of the evidence in the possession of the State, all of which had all been disclosed prior to his plea hearing. A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing.[7] This assignment of error has no merit.
 {¶ 16} We note, however, deficiencies in Jones' sentencing. Because robbery is defined as an offense of violence,[8] R.C.2967.28(B)(3) mandates that his sentence "shall include a requirement that [he] be subject to a [three year] period of post-release control imposed by the parole board following release from imprisonment." R.C.2929.19(B)(3) provides that, at a sentencing, the judge shall: (a) impose a stated prison term and, in Jones' case, (c) notify him that he will be supervised under R.C. 2967.28 after he leaves prison, (e) notify him that, after release from prison, if he violates that supervision or any additional condition of post-release control imposed under R.C.2967.131(B), the parole board could impose a cumulative prison term of up to two years, in increments of up to nine months, as part of his sentence and, (f) require that he not use, inject or be injected with a drug of abuse while in prison.
 {¶ 17} Here, notwithstanding the sentencing journal entry, the judge stated that five years of post-release control was part of Jones' sentence, and did not impose court costs at the hearing. Moreover, he was not given the mandated advisements of R.C. 2929.19(B)(3)(e) and (f). We vacate the sentence and remand for resentencing in conformity with the requirements of R.C. 2929.14(F), 2929.19 and 2967.28.
Judgment affirmed, sentence vacated and case remanded for resentencing.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCURS; FRANK D. CELEBREZZE, JR., J., CONCURS INJUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The journal entry documenting the sentence, however, states: "Post release control is part of this prison sentence for the maximum period allowed for the above felony(s) * * *. Defendant is to pay court costs."
[2] State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[3] Id., at syllabus, paragraphs one and two.
[4] State v. Taylor (Jun. 16, 2000), Washington App. No. 99CA1, Statev. Miller (Jun. 15, 2000), Cuyahoga App. No. 76310, State v.Inglesias-Ramirez (Mar. 16, 2000), Cuyahoga App. No. 76028, State v.Ramirez (Jan. 19, 1996), Defiance App. No. 4-95-12, State v. McGowan
(Oct. 3, 1996), Cuyahoga App. No. 68971, State v. Drake (1991),73 Ohio App.3d 640, 645, State v. Lambros (1988), 44 Ohio App.3d 102,103.
[5] State v. Xie, supra, at 527.
[6] State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph three of the syllabus.
[7] State v. Taylor (Jun. 16, 2000), Washington App. No. 99CA1, Statev. Miller (Jun. 15, 2000), Cuyahoga App. No. 76310, State v.Inglesias-Ramirez (Mar. 16, 2000), Cuyahoga App. No. 76028, State v.Ramirez (Jan. 19, 1996), Defiance App. No. 4-95-12, State v. McGowan
(Oct. 3, 1996), Cuyahoga App. No. 68971, State v. Drake (1991),73 Ohio App.3d 640, 645, State v. Lambros (1988), 44 Ohio App.3d 102,103.
[8] R.C. 2901.01.