JOURNAL ENTRY and OPINION
{¶ 1} Appellant Anthony Fortner appeals the trial court's decision denying his presentence motion to withdraw his guilty plea. On appeal, he assigns the following errors for our review:
"I. The trial court erred and abused its discretion by denying defendant-appellant's pre-sentence motion to withdraw his plea of guilty."
"II. The defendant-appellant was denied the effective assistance of counsel."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On August 19, 2004, the Cuyahoga County Grand Jury indicted Fortner for four counts of drug trafficking, one count of possession of criminal tools, and one count of having a weapon while under a disability. On September 8, 2004, at his arraignment, Fortner entered a plea of not guilty.
 {¶ 4} Subsequently, after several pretrial conferences and extensive motion practice, Fortner and the State reached a plea agreement. Pursuant to the agreement, Fortner would plead guilty to one count of drug trafficking and to having a weapon while under a disability. On December 1, 2004, Fortner pled guilty pursuant to the plea agreement, and the trial court referred the matter to the probation department for a presentence investigative report.
 {¶ 5} On January 3, 2005, Fortner, through new counsel, filed a motion to withdraw his guilty plea, asserting that his previous attorney represented that he was eligible for judicial release. In addition, Fortner filed a second motion to suppress. On January 14, 2005, after a hearing, the trial court denied Fortner's motion to withdraw his guilty plea. In addition, the trial court denied the second motion to suppress as moot. Thereafter, the trial court sentenced Fortner to a concurrent prison term of two years for drug trafficking and one year for having a weapon while under a disability.
 PLEA WITHDRAWAL {¶ 6} In his first assigned error, Fortner argues the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. We disagree.
 {¶ 7} Prior to addressing the substantive issues presented within this assigned error, we acknowledge our standard of review. Although a defendant is not vested with an absolute right to withdraw a guilty plea, a motion for withdrawal made prior to sentencing is to be freely allowed and liberally treated.[1] The decision to grant or deny such motion is fully within the trial court's discretion and shall remain undisturbed absent a showing that the trial court abused its discretion.[2] The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[3]
 {¶ 8} A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.[4]
 {¶ 9} With regard to the substantive law, in State v. Smith,[5] we held that the scope of a hearing held with regard to a presentence motion to withdraw a plea of guilty should reflect the substantive merit of the motion to withdraw, and it is within the sound discretion of the trial court subject to our review for an abuse of that discretion. This approach, we explained, strikes a fair balance between fairness for an accused and preservation of judicial resources.[6]
 {¶ 10} In the case at bar, Fortner sought to withdraw his guilty plea on the grounds that his attorney misrepresented that he was eligible for judicial release. However, the transcripts of the proceedings reflect that Fortner knew he was not eligible for judicial release. The trial court's colloquy with Fortner included the following:
"The Court: You have heard the prosecutor describe today that there is a mandatory term of imprisonment as to Count One. A mandatory term of imprisonment means that you would have to serve the exact amount of time given to you by your sentencing judge, Judge Mannen, and no judicial release is available. Do you understand that?
Defendant: Yes, ma'am.
The Court: Are you sure you understand that? It is an important part of your plea, so I want to make sure you understand that.
Defendant: That no judicial release is available.
The Court: No judicial release is available to you on Count One. For example, if Judge Mannen gave you the minimum of two years, because she is required by law to impose a prison sentence, she doesn't have the option of not imposing a prison sentence on this count, then you would have to serve the full two years. If she sentenced you to eight years, you would have to serve the full eight years. Anything in between, you have to serve the actual term of incarceration and there is no opportunity to apply for early release. Do you understand that?
Defendant: I understand now, yes, ma'am.
The Court: Do you still want to proceed with the plea?
Defendant: Yes, ma'am."[7]
 {¶ 11} In the instant case, we discern no abuse of discretion by the trial court in denying Fortner's presentence motion to withdraw his guilty plea. The record belies Fortner's assertion that his guilty plea was not knowingly, intelligently, and voluntarily made. The record reveals the trial court painstakingly adhered to the dictates of Crim.R. 11. The trial court advised Fortner four separate times that he was not eligible for judicial release. Each time that he was so advised, Fortner indicated that he understood. The trial court gave concrete examples of possible prison sentences, in which it indicated that Fortner would have to serve the exact amount of time. Moreover, the record indicates that Fortner was a third year college student, who had previously served time in prison.
 {¶ 12} We conclude that Fortner's arguments in favor of withdrawing his plea viewed cumulatively amounted to little more than a mere change of heart, which is an insufficient justification to withdraw a guilty plea.[8] Thus, the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea. Accordingly, the first assigned error is overruled.
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 13} In the second assigned error, Fortner argues he was denied the effective assistance of counsel. Fortner claims his original counsel was ineffective for failing to pursue his motion to suppress, and but for this error, he would not have entered his plea. We disagree.
 {¶ 14} In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.[9] Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different.[10]
 {¶ 15} When challenging the effectiveness of counsel as it pertains to a criminal defendant's decision to plead guilty to an offense, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation; namely, whether there is a reasonable probability that, but for counsel's errors, the defendant would not have entered the plea but would instead have insisted on going to trial.[11] There is a strong presumption that a licensed attorney is competent and that the challenged action reflects sound trial strategy within the range of reasonable professional assistance.[12]
 {¶ 16} At the outset, we note that Fortner's first attorney filed a motion to suppress. Subsequently, three pretrial conferences were held, and the State responded to Fortner's request for discovery. Thereafter, Fortner entered into a plea agreement with the State, in which he received a tangible benefit of having four out of six counts dismissed.
 {¶ 17} It is well settled that when a criminal defendant enters a guilty plea as a part of a plea bargain that defendant waives all appealable errors that may have occurred at trial, unless these errors are shown to have precluded the defendant from entering a knowing and voluntary plea.[13] Since this court has found that Fortner knowingly, intelligently, and voluntarily entered his plea, any issues as to pretrial motions are moot. Moreover, Fortner stated he was satisfied with his attorney's representation.
 {¶ 18} Accordingly, we overrule Fortner's second assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] State v. Xie (1992), 62 Ohio St.3d 521; State v. Peterseim (1980),68 Ohio App.2d 211, quoting Barker v. United States (1978),579 F.2d 1219.
[2] Xie; Peterseim.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[4] Peterseim, paragraph three of the syllabus.
[5] (Dec. 10, 1992) Cuyahoga App. No. 61464.
[6] Id.
[7] Tr. at 8-10.
[8] State v. Drake (1991), 73 Ohio App.3d 640; State v. East (Mar. 22, 2001), Cuyahoga App. No. 77877.
[9] Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768, 110 S.Ct. 3258.
[10] Strickland v. Washington, 466 U.S. at 694.
[11] Hill v. Lockhart (1985), 474 U.S. 52, 59, 88 L.Ed.2d 203,106 S.Ct. 366; State v. Xie (1992), 62 Ohio St.3d 521, 524.
[12] State v. Bradley (1989), 42 Ohio St.3d at 142.
[13] State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus.