[Cite as *State v. Lane*, 2013-Ohio-1497.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 15-12-13

    v.

JOSHUA A. LANE,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-12-02-041

Judgment Affirmed

Date of Decision: April 15, 2013

APPEARANCES:

    *Kelly J. Rauch* for Appellant

    *Martin D. Burchfield* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Joshua A. Lane ("Lane"), appeals the judgment of the Van Wert County Court of Common Pleas, finding Lane guilty of one count of trafficking in drugs after he entered a guilty plea. On appeal, Lane contends that the trial court erred when it denied his motion to withdraw his guilty plea prior to sentencing; that his plea was void because of the State's failure to abide by the terms of the plea agreement; and, that he was denied the right to effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 3, 2012, the Van Wert County Grand Jury indicted Lane on one count of trafficking in drugs (heroin) in violation of R.C. 2925.03(A)(C)(6)(a), a felony of the fifth degree. An arraignment was held in this case, CR 12-02-041 ("the Current Case"), and Lane entered a plea of not guilty. Counsel was appointed.

{¶3} On April 20, 2012, a change of plea hearing was held and, pursuant to plea negotiations, Lane entered a guilty plea. The trial court conducted a full and detailed Crim.R. 11 plea colloquy before accepting Lane's plea and finding him guilty. Prior to accepting the guilty plea, the trial court questioned Lane in detail to determine whether he understood everything that he was agreeing to, whether he could read and write, if he was satisfied that he knew what the charges were about, whether he was under the influence of drugs, alcohol, medication, or

anything that prevented him from thinking clearly, whether he knew what he was doing, whether he was satisfied with the advice of his counsel, and whether he was changing his plea voluntarily of his own free will.

**{¶4}** Lane and his attorney signed the written plea agreement; the trial court ordered a pre-sentence investigation ("PSI"); and, it ordered that Lane be released on electronically monitored house arrest ("EMHA") pending sentencing, pursuant to the agreement by the State to not oppose EMHA. (Apr. 20, 2012 Change of Plea Tr. 19-20.) Sentencing was set for May 9, 2012.

**{¶5}** On May 9th, at Lane's first scheduled sentencing hearing, the trial court indicated that it intended to sentence Lane to the WORTH Center. However, Lane informed the court that he was on Methadone and that he would need time to complete the weaning process from Methadone before he could begin his sentence at the WORTH Center. Stopping Methadone suddenly could be dangerous to his health. The trial court expressed concern as to whether the WORTH Center would even accept him, because there was a chance that he would be returned to prison anyway because he was already on post release control ("PRC") from a previous offense, CR 09-02-014 (hereinafter, "the 2009 Case"), and his conviction in the Current Case would be a violation of the terms of the PRC for the 2009 Case. (May 9, 2012 Sent. Hrg. 27) The trial court also questioned, "What would happen

to him if I decided to send him to prison? I mean, he's got a record * * *.[1] What happens if he goes to the Department of Corrections?" (*Id.* at 26) The trial court ordered the sentencing hearing continued to allow further information to be gathered concerning the weaning process and the effect on Lane's health if the Methadone treatments were stopped.

{¶6} On June 5, 2012, the Van Wert County Adult Probation Authority filed an affidavit that Lane had violated the terms and conditions of his bond/EMHA. Specifically, "the offender violated bond condition number five (5), the offender was witnessed selling Heroin by a Van Wert Police Officer." On June 6, 2012, the magistrate set bond at $10,000 and scheduled a hearing on the matter before the trial court for June 12, 2012. Arrangements had been made for the doctor affiliated with the jail to administer Methadone to Lane if necessary.

{¶7} At the bond violation show cause hearing, the State was prepared to put on evidence that the police department observed the bond violation themselves and then interviewed the person who had purchased the controlled substances from Lane. (Jun. 12, 2012 Hrg. 37) The trial court stated that it was up to the defendant to show cause why bond should not be revoked, and that his general denial was not sufficient. Lane offered no evidence or explanation, so the trial court found that he had violated a condition of his bond and ordered him to be held

---

[1] The trial court recited the following concerning Lane's prior record: "receiving stolen property, a couple of them, two or three times, community control violation, three of them, another receiving stolen property as an adult, domestic violence and burglary." (Sent. Hrg. 26)

without bond pending sentencing. The trial court again noted that Lane would not be eligible for the WORTH Center if he was still on Methadone and if there were pending charges. Therefore, based on his PSI, the trial court stated that "the only other option is the Department of Corrections." (*Id.* 37-38)

{¶8} The State noted that there might also be pending charges on the new offense, in addition to the PRC violation.[2] (*Id.* 38) And, the State indicated that Lane had not started any weaning process to reduce his Methadone dosage. (*Id.*) The sentencing hearing, originally scheduled for June 19th, was continued because of the pending matters.

{¶9} On July 3, 2012, Lane and his attorney appeared for the sentencing hearing and stated that Lane wished to withdraw his guilty plea. The trial court set a hearing on this motion.

{¶10} The hearing on the motion to withdraw his guilty plea was held on July 16, 2012, at which time Lane was placed under oath and questioned by his attorney as to his reasons for wanting to change his plea again. Lane first testified that he had "thought I was getting out on EMHA," but that someone at the Adult Probation Department had threatened him when he went there with his girlfriend to pay for the EMHA. (Jul. 16, 2012 Plea Hrg. 45-46) He also testified that "I withdrew my plea because I wanted to see my Grandpa before he died and he's

---

[2] On June 14, 2012, the State filed a motion indicating that Lane had 627 days of PRC remaining on his sentence in the 2009 Case, and requested that his PRC be terminated and that he be sentenced to prison, and that this PRC sanction be served consecutively to any sentence that may be imposed in the Current Case.

getting buried right now." (*Id.* at 46) When asked whether he understood the charges, he said, "I understood the charges, I just wanted to get it over with." When his attorney asked if there was any new evidence that was discovered that prompted the request to withdraw his plea, he stated, "I feel I wasn't guilty." (*Id.*) His attorney then prompted him again if there had been anything he discovered, or any piece of evidence he could offer, and he said, "I don't know." (*Id.* at 47) His attorney continued to pose leading questions to Lane, in an attempt to elicit any evidence or definitive reason for his change of plea, but the most that Lane could offer was "I just feel that I'm not guilty," without any further details or explanation as to why he "felt" that way. (*Id.*)

{¶11} The trial court issued a written opinion denying Lane's motion to withdraw his plea, finding that at the time of his plea Lane had indicated that he had read and understood everything in the plea agreement; that he was represented by "highly competent counsel" and had discussed the plea and the charges fully and completely with his counsel; and that he was given a full Criminal Rule 11 hearing before he entered his plea. (Jul. 19, 2012 J.E.) The trial court further found:

> During the Criminal Rule 11 hearing, [Lane] told the court that he understood the nature of the charges and the possible penalties, and that his plea of guilty was a complete admission of guilt. The court further finds that * * * [Lane] did not state specific reasons in his motion why he wanted to withdraw his plea. Further, the events

testified to by [Lane] at the hearing took place several weeks <u>after</u> he had entered his plea.

The court further finds that [Lane] did not present any evidence that he was perhaps not guilty, nor that he had any other defense to the charge.

(*Id.*)

**{¶12}** The sentencing hearing was held on August 20, 2012. Lane and his counsel were given an opportunity to speak. Lane's counsel indicated that Lane was trying to overcome his addiction and address problems, so he asked that the court consider an IPP program or the WORTH Center. Lane acknowledged that he had a drug program and that he was trying to start over. Lane claimed that his parole officer had indicated that the Adult Parole Authority did not want his PRC revoked. However, the State indicated that the input it had received was different. (Sent. Tr. 57).

**{¶13}** The trial court then sentenced Lane to nine months in prison in the Current Case, with credit for the 125 days already served. The trial court further found that this offense was committed while Lane was on PRC and sentenced him to serve the 546 days remaining for the 2009 Case PRC, consecutive to the sentence in the Current Case.

**{¶14}** It is from this judgment that Lane now appeals, raising the following three assignments of error for our review.

**First Assignment of Error**

**The trial court erred when it denied [Lane's] motion to withdraw his guilty plea prior to sentencing.**

**Second Assignment of Error**

**[Lane's] guilty plea was not voluntarily made due to the State's failure to abide by the terms of the plea agreement and, therefore, his plea is void.**

**Third Assignment of Error**

**[Lane] was denied the right to effective assistance of counsel.**

{¶15} In the first assignment of error, Lane asserts that the trial court was unreasonable when it denied his motion because there was a reasonable and legitimate basis for the withdrawal of his guilty plea. He claims that the trial court should have permitted the plea withdrawal because there was no evidence that the State would have been prejudiced; because Lane claimed he believed he was going to receive house arrest; and because he stated at the hearing that he was innocent.

{¶16} Crim.R. 32.1 states that: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Although the rule does not articulate a standard to be used when considering a presentence motion, as the motion in this case was, it has long been held that a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62

Ohio St.3d 521 (1992). However, this does not mean that a motion to withdraw a guilty plea will be granted automatically. *State v. Drake*, 73 Ohio App.3d 640, 645 (8th Dist.1991).

{¶17} "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea." *State v. Xie*, at paragraph one of the syllabus.

{¶18} It is within the sound discretion of the trial court to determine whether there is a legitimate and reasonable basis for withdrawal of a guilty plea and, absent an abuse of discretion, the trial court's decision on the matter must be affirmed. *Id.* at 527; *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995). The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). It involves views or actions "that no conscientious judge, acting intelligently, could honestly have taken." (Internal citations omitted.) *State v. Hancock*, 108 Ohio St.3d 57, 2006–Ohio–160, ¶ 129–130.

{¶19} Appellate courts often consider the following factors when reviewing a trial court's decision concerning a presentence motion to withdraw a guilty plea: 1) whether the State will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R.11 plea hearing;

4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Fish*, 104 Ohio App.3d 236, 240 (1st.Dist.1995); *State v. Lefler*, 3d Dist. No. 6–07–22, 2008–Ohio–3057, ¶ 11.

{¶20} A trial court does not abuse its discretion in overruling a motion to withdraw a guilty plea where the accused is represented by highly competent counsel; where the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and where the record reveals the court gave full and fair consideration to the plea withdrawal request. *State v. Staton*, 3d Dist. No. 4–11–06, 2011–Ohio–4889, ¶ 4, quoting *State v. Sylvester*, 2d Dist. No. 22289, 2008–Ohio–2901, ¶ 19; *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist.1980). A change of heart is not sufficient grounds to allow the withdrawal of the guilty plea, even in a presentence motion to withdraw the plea. S*ylvester* at ¶ 4; *State v. Lambros*, 44 Ohio App.3d 102 (8th Dist.1988). "A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea." *State v.*

*Hoke*, 4th Dist. No. 10CA32, 2011–Ohio–1221, ¶ 13; *State v. Prince*, 3d Dist. No. 2-12-07, 2012-Ohio-4111, ¶ 22; *See also State v. Brooks*, 10th Dist. No. 02AP–44, 2002–Ohio–5794, ¶ 51 (stating "[a] defendant's change of heart or mistaken belief about the guilty plea or expected sentence does not constitute a legitimate basis that requires the trial court to permit the defendant to withdraw the guilty plea").

**{¶21}** A review of the record indicates that regardless as to whether the trial court's actions are considered in light of the four factors set forth in *State v. Peterseim*, or whether they are reviewed by looking at the nine factors enumerated in *State v. Fish*, there was no compelling basis for the trial court to grant Lane's motion to withdraw his guilty plea. The trial court found that Lane was represented by highly competent counsel (which was supported by the record); he was afforded a full Crim.R. 11 hearing, that supported the finding that his plea was knowingly and voluntarily entered; he was also given a complete hearing on the motion to withdraw his plea, and he and his attorney were given every opportunity to present any evidence or good reasons to support his motion; and the trial court fully considered the plea and gave a detailed and thoughtful response. *See State v. Peterseim*.

**{¶22}** Furthermore, Lane's assertions that some of the additional factors set forth in *State v. Fish* are applicable are not accurate. The record contradicts his claim that the State would not be prejudiced because his motion was made "only

nineteen days after his guilty plea," on May 9th. Appellant was in court on May 9th, June 9th, and June 12th, during which times issues in the case and sentencing options were discussed. Not one time did he raise the matter of withdrawing his plea, nor did he show any concern in the fact that the trial court was discussing options for sentencing (WORTH Center or Department of Corrections and Rehabilitation) that did not include EHMA. It was not until Lane came to the rescheduled sentencing hearing on July 3, 2012, that the motion to withdraw his guilty plea was tendered, almost three months after his original plea. It would have been prejudicial to the State to start over again after the passing of so much time, along with all of the trial court's time that was invested in trying to resolve this matter and accommodate Lane's Methadone needs.

**{¶23}** Furthermore, the only options discussed by the trial court during these hearings was either sentencing Lane to the WORTH Center or to prison. Although Lane was originally on EHMA pending sentencing (per the plea agreement – see discussion in second assignment of error), based on the discussions that occurred during the hearings, he cannot claim that he believed his final sentence would involve EHMA. And, in any case, a mistaken belief about the expected sentence does not constitute a legitimate basis for the withdrawal of a guilty plea. *See Hoke* and *Brooks*, *supra*.

{¶24} And finally, Lane claims that he "stated at the hearing that he was innocent." (Appellant's Br. 6) However, the closest he came to testifying that he might not be guilty was to state that he didn't "*feel*" that he was guilty. (Tr. 46) The trial court gave Lane's attorney great latitude in questioning him with rather leading questions, but Lane was unable to state that he had discovered any new evidence, or even give any reason, that would support a belief that he was innocent.

{¶25} The trial court's decision to deny Lane's motion to withdraw his guilty plea was not an abuse of discretion. The first assignment of error is overruled.

{¶26} In his second assignment of error, Lane maintains that his guilty plea was not voluntarily made as a result of the State's failure to abide by the terms of the plea agreement. As a result, he contends that his plea is void and his conviction must be reversed.

{¶27} At the change of plea hearing, the trial court inquired as to whether there were any arrangements that may have influenced Lane's guilty plea. In response, the State told the court that Lane was seeking electronically monitored house arrest and the State did not oppose that request. (Apr. 20, 2012 Tr. 19). Lane now alleges that the State violated the terms of the plea agreement when it

filed a motion requesting the imposition of prison time as a sanction for the remaining PRC time in the 2009 Case.

**{¶28}** Lane's arguments fail for several reasons. The written "Petition to Enter a Plea of Guilty," which was signed by Lane and his attorney, clearly stated the State's two underlying agreements upon which the plea was based:

> State will not oppose EMHA *pending sentencing*. State will not pursue charges for counterfeit substance committed Sept. 20, 2011.[3]

(Emphasis added; Apr. 20, 2012 plea agreement, #14). The plea agreement also indicated that he knew that the maximum penalty could be a basic prison term of up to twelve months, and that the sentence he would receive was solely a matter within the control of the judge. (*Id.* at #13 and #15) And, the plea agreement informed Lane that if he was presently on PRC, he "may be required to serve additional imprisonment in that case in addition to any sentence imposed upon [him] in this case, and that those sentences would be served consecutively." (*Id.* at #12)

**{¶29}** The State's agreement was to permit Lane to be on EHMA pending sentencing; nothing was stated as to the State's position for the final sentencing. As discussed above in the first assignment of error, several hearings were held when the trial court was considering its options for sentencing Lane. Lane was

---

[3] During the undercover drug operation which resulted in Lane's indictment on the heroin charge, there was also a second substance involved in the transactions. Upon testing, it was determined that this was not a controlled substance, but was a counterfeit drug.

present at all of them and EHMA was never mentioned. Furthermore, the State did not oppose EHMA in the *Current Case*. In fact, it did not make any statement or recommendation at the sentencing hearing for the Current Case.

{¶30} The State only requested prison time for the PRC involved in the sentence for *the 2009 Case*. And, the matter of imposing a penalty for the PRC in the 2009 Case never came up until *after* Lane had violated the terms of his bond agreement in the Current Case and was caught selling heroin again, while he was awaiting sentencing for selling heroin. Lane was the one who violated the terms of the agreement between the parties.

{¶31} There was no evidence that the State did not comply with the terms of the plea agreement as designated in this Current Case. The second assignment of error is overruled.

{¶32} In the third assignment of error, Lane submits that he was denied his right to effective assistance of counsel and was prejudiced as a result. Lane claims that his counsel was ineffective because he failed to raise the issue that the State violated the terms of the plea agreement when he moved to withdraw his guilty plea. Lane also claims his counsel was ineffective because he failed to dispute the State's motion and the Ohio Department of Rehabilitation and Correction's ("ODRC") report that he had PRC remaining and that the amount of time was 627 days (as of the date of the report). Lane claims that his counsel erred in relying

upon the accuracy of the ODRC's report (which was signed by his parole officer from the Adult Parole Authority), and that he should have required his parole officer to appear to testify to confirm the reliability of the report.

**{¶33}** To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation; and (2) prejudice—a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that strategy and tactical decisions exercised by defense counsel are well within the range of professionally reasonable judgment and need not be analyzed by a reviewing court. *State v. Robinson*, 108 Ohio App.3d 428 (3d Dist.1996).

**{¶34}** There is no evidence in the record that the actions of Lane's attorneys were deficient in any way, or that he suffered any prejudice as a result of their representation.[4] First, based upon our finding in response to the second assignment of error, his attorney cannot be faulted for failing to raise the issue that

---

[4] We note that Lane was represented by two different attorneys during these proceedings. Attorney Scott Gordon represented Lane at the original change of plea hearing in April 2012 through the July 16, 2012 hearing on his motion to withdraw his guilty plea, and Attorney Todd Wolfrum was present at the final sentencing hearing.

the State failed to abide by the terms of the plea agreement because there was no indication that the State did not comply with the plea agreement.

{¶35} Next, the matter as to the accuracy of the PRC report by the ODRC was never raised as an issue below or discussed in any way. Lane has not claimed that he ever informed his attorney that there might be a problem with the accuracy of the PRC report, and there is no evidence that the attorney would have had any reason to doubt the records of the ODRC. Furthermore, we do not see how calling his parole officer to testify would have changed matters, because she was the person who signed the report as stated.

{¶36} However, we note that a motion was filed after sentencing to correct the additional term of PRC pursuant to R.C. 2929.141. As a result, on November 14, 2014, the trial court modified the additional sentence from 546 days to 522 days. There was no indication in the record that Lane's attorneys provided inadequate representation because they did not question ODRC's record. And, in any case, the matter was corrected, and Lane has not suffered any prejudice.

{¶37} Therefore, we find that Lane received the assistance of qualified counsel and was not prejudiced by the actions or inactions of his counsel. The third assignment of error is overruled.

{¶38} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**